The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stanback and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award except with modifications concerning medical issues including the relatedness of plaintiff's depression and minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. Plaintiff's date of injury is February 6, 1996.
2. On that date, the parties were subject to and bound by the provisions of the North Carolina Workers Compensation Act.
3. On that date, an employer-employee relationship existed between defendant-employer and plaintiff.
4. Liberty Mutual Insurance Company was the compensation carrier on the risk. Zurich Group Companies is now the administrating agent.
5. Industrial Commission forms 21, 26, 28, 28T, 33, 33R, and 62 are a part of the evidentiary record in this matter.
6. Plaintiff's average weekly wage results in a weekly compensation rate of $492.00.
7. All parties are properly before the Industrial Commission, and this is the Court of proper jurisdiction for this action.
8. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
9. The parties stipulated into evidence Stipulated Exhibit #1 comprised of 21 pages of plaintiff's medical records. Furthermore, the depositions of Dr. T. Craig Derian and Dr. Robert L. Allen are a part of the evidentiary record in this matter.
 ***********
Based upon the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 33 years old with a ninth grade education. Plaintiff's employment history includes experience in the electrical industry and the wholesale beer industry as well as employment as a truck driver.
2. On February 6, 1996, plaintiff sustained an admittedly compensable injury by accident in the course and scope of his employment with defendant-employer when he was involved in an accident while driving an eighteen-wheeler tractor-trailer in snow and icy conditions in Tennessee. Plaintiff's tractor-trailer hit a three-foot embankment and jack-knifed, resulting in injuries to plaintiff's neck, left side, lower back and left shoulder. Plaintiff also complained of "electrical shock" pains in his mouth.
3. After several unsuccessful attempts to return to work and as a result of his injuries sustained on February 6, 1996, plaintiff has been unable to earn wages in any employment since May 18, 1998. At the time of the hearing before the Deputy Commissioner, plaintiff was receiving temporary total disability benefits.
4. Dr. Robert Allen, a neurosurgeon, treated plaintiff shortly after the accident. After conservative treatment failed and an MRI and discogram confirmed a cervical disk problem, Dr. Allen performed an anterior diskectomy and fusion on June 12, 1998. Plaintiff's cervical symptoms improved initially; however, plaintiff continued to experience thoracic and lower back pain. He also complained of continued problems with his tongue and mouth. When Dr. Allen last saw plaintiff in September 1998, plaintiff's left arm symptoms had improved, but there was no improvement of plaintiff's mid back, low back or leg symptoms.
5. On November 5, 1998, plaintiff was seen by Dr. T. Craig Derian, an orthopedic surgeon. Plaintiff reported no improvement of his low back pain following the cervical fusion performed by Dr. Allen. An MRI performed on November 23, 1998 confirmed Dr. Derian's diagnosis of thoracic disk degeneration at T11-12. Dr. Derian recommended a spinal fusion which plaintiff elected to pursue as of his December 14, 1998 office visit.
6. Dr. Derian is of the opinion that plaintiff's symptoms were directly caused by the accident of February 6, 1996. Furthermore, the proposed surgery is necessary in that plaintiff will not improve without it in Dr. Derian's opinion. The purpose of the surgery is to fuse the T11 and T12 vertebrae to prevent motion across the painful degenerated disc between the two vertebrae, similar to the cervical fusion Dr. Allen previously performed. The pain in the upper portion of plaintiff's low back and the pain that radiates to the lower part of his rib cage and flanks are most directly related to his thoracic disc injury. Surgery would help alleviate this pain.
7. Dr. Derian indicated that he would not recommend surgery unless a patient had long-term persistent pain with multiple failed attempts at conservative treatment. In plaintiff's case, at the time of the hearing before the Deputy Commissioner, it had been almost five years since plaintiff's injury and his symptoms had persisted. In Dr. Derian's opinion, if plaintiff does not pursue further treatment, then he has reached maximum medical improvement and will be rendered totally disabled.
8. In March of 1999, plaintiff returned to Dr. Allen for a second opinion regarding the proposed spinal fusion of T11-12. No additional tests were performed at this time. According to Dr. Allen, a fusion would not benefit plaintiff because the cervical diskectomy and fusion had been of limited success. Dr. Allen confirmed that Dr. Gwinn also has released plaintiff with nothing further to offer. Dr. Allen had no opinion regarding appropriate work restrictions.
9. Dr. Allen agrees with Dr. Derian's opinion that plaintiff's symptoms of upper low back pain, pain radiating to the rib cage and right flank are being produced by mechanical movement and pressure across a degenerative disc. Dr. Allen also confirmed Dr. Derian's statement that the purpose of the fusion at T11-12 is to stop movement across the disc material. Further, Dr. Allen stated that Dr. Derian's proposal regarding surgery is reasonable and that the surgery could relieve some of plaintiff's back symptoms, even though Dr. Allen does not have confidence that the surgery will in fact improve plaintiff's symptoms.
10. Dr. Allen does not perform fusion surgeries at the T11-12 disc level, but he recognizes Dr. Derian as a respected professional in the field of orthopaedic surgery who specializes in low back cases. According to Dr. Allen, the final decision regarding surgery is ordinarily made by the doctor who actually performs the procedure, in this case, Dr. Derian.
11. After five years of conservative treatment which has failed to alleviate plaintiff's symptoms or allow plaintiff to return to gainful employment, the surgical procedure recommended by Dr. Derian is reasonably required to effect a cure or give relief of plaintiff's symptoms. The opinion of Dr. Derian regarding the necessity of the surgery is given greater weight than that of Dr. Allen. Furthermore, plaintiff's testimony concerning his current levels of pain and his desire to undergo the procedure is likewise afforded greater weight.
12. Plaintiff has filed a motion requesting a change of treating physician to Dr. Derian. Plaintiff sought the request for approval within a reasonable time and the treatment proposed by Dr. Derian is required to effect a cure or give relief of plaintiff's symptoms. In addition, plaintiff has requested approval of Dr. Thomas English, Ph.D. and Dr. Wayne Harper as additional treating physicians.
13. Plaintiff has also filed a motion requesting suspension of vocational placement.
14. The record in this matter lacks sufficient evidence to establish that plaintiff's depression, tongue, mouth and epigastric problems are related to the February 6, 1996 injury. According to Dr. Allen, a neurosurgeon, plaintiff's symptoms, including feelings of discomfort in and around the tongue and discomfort of the epigastric area were not related to plaintiff's spinal condition, whether cervical, thoracic, or lumbar. Dr. Derian, an orthopaedic surgeon, expressed no opinion with regard to plaintiff's mouth, tongue or epigastric area symptoms. Dr. Harper, plaintiff's family doctor, is of the opinion that these symptoms are in fact related to the injury by accident based on temporal reasons in that the symptoms did not manifest themselves until after the injury by accident demonstrating a causal relationship.
15. Defendants defended this matter on reasonable grounds and have not engaged in stubborn or unfounded litigiousness.
 ***********
Based on the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff is entitled to payment by defendants for the surgery recommended by Dr. T. Craig Derian which is reasonably necessary to effect a cure or provide relief of plaintiff's back symptoms. N.C.G.S. § 97-2(19); § 97-25.
2. Plaintiff sought approval of Dr. T. Craig Derian as his treating physician and authorization of recommended treatment within a reasonable time. N.C.G.S. § 97-25.
3. Currently, good cause exists for granting plaintiff's Motion to Suspend Vocational Placement due to the fact that vocational rehabilitation is not beneficial to plaintiff pending the surgical procedure recommended by Dr. Derian and until such time that plaintiff reaches maximum medical improvement or Dr. Derian releases plaintiff to participate in vocational activities or until further order of the Commission. N.C.G.S. § 97-25.
4. Plaintiff has failed to prove by the greater weight a causal relationship between plaintiff's depression and current tongue, mouth and epigastric problems and his compensable back injury. Consequently, plaintiff is not entitled to payment by defendants for treatment of these conditions. Furthermore, insufficient evidence exists in the record to approve Dr. Thomas English, Ph.D. or Dr. Wayne Harper as additional treating physicians for plaintiff. N.C.G.S. § 97-25.
5. This matter was not defended without reasonable ground and therefore, plaintiff is not entitled to attorney's fees for defendants' denial of plaintiff's surgery and other treatment. N.C.G.S. § 97-88.1.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission adopts and affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Dr. T. Craig Derian is hereby approved as plaintiff's treating physician. Defendants shall pay all reasonably necessary medical expenses, including expenses for the recommended surgery, for Dr. Derian's treatment related to plaintiff's February 6, 1996 injury for so long as such treatment tends to effect a cure, provide relief or lessen the period of plaintiff's disability. Furthermore, Dr. Derian shall perform the surgery.
2. Plaintiff's claim for depression, tongue, mouth and epigastric problems is hereby denied.
3. The motion to allow Dr. Thomas English, Ph.D. and Dr. Wayne Harper as additional treating physicians for plaintiff is hereby denied.
4. Defendants shall suspend all vocational rehabilitation efforts with plaintiff until such time that plaintiff reaches maximum medical improvement, is released by his treating physician to participate in vocational activities or until further order of the Commission.
5. An attorney's fee in the amount of twenty-five percent is hereby approved for plaintiff's attorney to be deducted every fourth weekly compensation check and paid directly to plaintiff's attorney.
6. Defendants shall bear the costs due the Commission.
This the ___ day of September 2001.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER